# Borough of Frackville.
## In re re-audit of accounts of Auditors.

1. The third section of the Act of February 17th 1859, entitled "An act to secure a stricter accountability of certain public officers in Schuylkill county," provides that, on petition of taxpayers of any township or school district, special auditors may be appointed to revise the accounts of the township or school district auditors: *Held*, that the act does not authorize the appointment of such special auditors to revise the accounts of borough auditors.

2. The use of terms in the act precludes the inference that the word "township" was intended to mean or include a "borough."

March 17th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Certiorari to the Court of Common Pleas of *Schuylkill county :* Of January Term 1880, No. 75.

In the matter of the exceptions to the report of B. S. Patterson and others, special auditors, appointed to re-audit the accounts of the public officers of the borough of Frackville.

The borough of Frackville was incorporated under the general borough laws of Pennsylvania on the 10th of April 1876. In the year 1877, Daniel Frack and H. H. Price were appointed by the town council of said borough treasurer and tax collector, respectively, for said borough for the year 1877. These appointments they accepted and filed their official bonds in pursuance of section 1 of the Act of February 17th 1859. Their accounts for the year ending March 31st 1878 were audited by the borough auditors, who reported that there was a balance of $303.32 due the borough on account of Frack, and a balance of $373.33 on account of Price. This report of the auditors was duly filed in the Court of Quarter Sessions. No appeal was taken by either accountant. On the 12th of February 1879, a petition was presented to the Court of Common Pleas by the accountants and certain taxpayers asking for the appointment of special auditors to revise, re-state and re-settle said accounts as directed by the third section of the Act of February 17th 1859, entitled, "An act to secure a stricter accountability of certain public officers in Schuylkill county," which makes the following provision :—

"That upon the petition of ten or more taxpayers of any town

[Borough of Frackville.]

ship or school district, in said county of Schuylkill, verified by the oath or affirmation of two or more of said petitioners, setting out reasons therefor, the Court of Common Pleas of the said county of Schuylkill shall, in their discretion, upon the sufficiency of the reasons set out in said petition, appoint three or more special auditors to revise, re-state and re-settle any of the accounts filed in the office of the Clerk of Quarter Sessions according to the provisions of the second section of this act; the report of said board of special auditors, when approved by the court, to be final and conclusive; and if any balance shall appear by said report to be due to such township or school district from the accounting officer, the said court shall order the enforcement of the payment of such balance with interest, by judgment upon the official bond of such officer and execution thereupon, which bond shall be removed into the office of the prothonotary of the Court of Common Pleas for the purposes of such judgment and execution."

The court, Walker, A. L. J., granted the petition, and appointed Messrs. Patterson, Guldin and Wilson special auditors. On May 19th 1879, they filed their report, finding that Frack and Price were not indebted to the borough.

To this report the borough officers and certain taxpayers filed exceptions, the first being as follows: "There was no authority for the appointment of the special auditors, under the Act of 1859, as that act, in the section authorizing the appointment of special auditors, refers only to townships and school districts."

The court, Bechtel, A. L. J., dismissed the exceptions and confirmed the report, when the exceptants took this writ, and assigned this action for error.

*M. M. L'Velle*, for plaintiff in error.—The careful use of names in the Act of 1859, precludes the inference that, by the use of the word "township," the intention was that borough should be included.

*J. F. Minogue* and *F. W. Bechtel*, for defendants in error.—The word "township" has been held to include "borough" in a number of acts where said acts did not in terms apply to boroughs; Newville Road Case, 8 Watts 172; Sharett's Road, 8 Barr 89.: In re Callowhill Street, 8 Casey 361; Scranton Borough Election, Bright. Elec. Cas. 458; Road in Milton, 4 Wright 300; Blair *v.* Boggs Township School District, 7 Casey 276.

Mr. Justice TRUNKEY delivered the opinion of the court, May 3d 1880.

The Act of February 17th 1859, entitled "An Act to secure a stricter accountability of certain public officers in Schuylkill county," is so clearly expressed that it forbids interpretation in its

[Borough of Frackville.]

relation to the only assignment which will be considered, namely, " The court erred in holding that section three of said act applies to boroughs." By the first section, certain officers of all townships and boroughs and school districts are required to file bonds, as prescribed, for the faithful performance of their duties. This includes every such municipality in the county, and so does the eleventh section. The fifth section applies to " any county, borough, township or school district officer," and alone embraces county officers. Sections seven, nine and ten relate exclusively to township officers ; and section eight to officers of townships and school districts. It is declared in the sixth section that no person shall hold more than one township, borough or school district office, except the offices of township treasurer and collector. Section two compels all township and school district auditors to file the accounts audited and settled in the office of the clerk of the Court of Quarter Sessions. The third section authorizes petition by ten or more taxpayers of any township or school district to the Court of Common Pleas, which may appoint three or more special auditors to revise, restate and resettle any of the accounts filed according to the provisions of the second section. And the twelfth section extends the provisions of the second and third to all accounts of township and school district officers which were not audited and settled previous to the passage of the act.

This statute, as a whole, reveals careful preparation and correct use of names in its several sections with reference to the subject of each. Nowhere does it appear from the context that the word " township" is intended to mean or include a borough ; and, by naming the latter in proper places, the inference is excluded that sections applying expressly to townships and school districts embrace boroughs. The intendment of sections two and three is plain—there is no ambiguity. It was not absurd in the legislature to leave the accounts of borough officers to be audited and settled. with right of appeal to interested parties, under the general laws of the Commonwealth. " When an act is expressed in clear and precise terms; when the sense is manifest and leads to nothing absurd, there can be no reason not to adopt the sense which it naturally presents :" Potter's Dwar. on Stat. 143.

It was contended for the petitioners that they are within the statute, because the duties of auditors in a borough are the same as in a township, and that the word " township" is a general term, including all municipal divisions of the county. To support this cases were cited which arose under the road, tax and school laws. But those cases are not analogous to the present, nor is the position tenable ; for, as we have seen, the numerous provisions of this statute are severally expressly applied to the municipality, or municipalities, by proper name, whether county, township, borough or school district, and not one is used as a general name including

any other.   Where the legislature have discriminated, the court shall not lose sight of the distinction.

Decree reversed.